UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN JOSEPH BENGIS, an individual,

                    Plaintiff,                         03-5354
                                                                (SJF)(WLW)

-against-                                  **OPINION & ORDER**

WORLD WIDE PACKAGING, INC.,
a corporation, QVC, INC., a corporation,
and JOHNSON MARKETING GROUP,
INC., a corporation,

                    Defendants.
------------------------------------------------------X
FEUERSTEIN, J.

I.      Introduction

Defendants World Wide Packaging, Inc., QVC, Inc., and Johnson Marketing Group, Inc. (collectively, "Defendants") bring this motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). For the reasons set forth below, the Defendants' motion is denied.

II.     Background

Plaintiff John Joseph Bengis ("Plaintiff") commenced this action on December 9, 2004, claiming Defendants infringed on his patent, United States Letters Patent No. 6,450,179 B2, entitled "Cosmetic Container With Interchangeable Attachments" (the "Container Patent"). (Cmplt. ¶ 8). According to Plaintiff, Defendants "make, use, offer to sell and sell . . . cosmetic container[s] with interchangeable attachments" that infringe on the Container Patent. (Cmplt. ¶¶ 10, 15). Defendants move for a more definite statement, alleging that they "cannot formulate an answer to the complaint without knowing why plaintiff claims defendants have committed patent infringement." (Def. Mot. ¶ 17).

III.  Analysis

Fed. R. Civ. P. 12(e) states, in relevant part, that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Rule 12(e) motions are disfavored and "should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, 211 F.R.D. 71, 76 (E.D.N.Y. 2002). This is because "the purpose of Rule 12(e) is to strike at unintelligibility rather than want of detail [and a]llegations that are unclear due to lack of specificity are more appropriately clarified by discovery." In re Natural Gas Commodity Litig., 358 F. Supp. 2d 336, 346 (S.D.N.Y. 2005) (internal quotations omitted). To this end, "[i]f a complaint complies with the liberal pleading requirements of Rule 8(a), then [a] Rule 12(e) motion should be denied." Asip v. Nielsen Media Research, Inc., 2004 U.S. Dist. LEXIS 2350, at *7 (S.D.N.Y. Feb. 18, 2004) (internal quotations omitted); Home & Nature, Inc. v. Sherman Specialty Co., 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004).

Fed. R. Civ. P. 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Under this "simplified notice pleading standard," Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002), a plaintiff need only offer "bare-bones" allegations, Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005), that give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."

2

Swierkiewicz, 534 U.S. at 512 (internal quotations and citations omitted). It is irrelevant whether a "claim will succeed on the merits. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Id. at 515 (internal quotations omitted).

Plaintiff has satisfied the requirements of Fed. R. Civ. P. 8(a). "A complaint for patent infringement satisfies . . . the limited criteria of Rule 8(a), when the plaintiff: (1) alleges ownership of the asserted patent, (2) names each individual defendant, (3) cites the patent that is allegedly infringed, (4) describes the manner in which the defendants allegedly infringe, and (5) identifies the specific sections of the patent law invoked." Home & Nature, Inc., 322 F. Supp. 2d. at 265. The Complaint satisfies these requirements.

Plaintiff has clearly alleged ownership of the patent, (Cmplt. ¶ 8), has identified each individual defendants, (Cmplt. ¶¶ 5-7), and has cited the patent it claims to be infringed (Cmplt. ¶¶ 9, 16). Furthermore, Plaintiff has identified the manner in which Defendants have allegedly infringed upon the Container Patent. (Cmplt. ¶¶ 10-15, 18-23, 26). Plaintiff has claimed, for example, that "Defendants' acts of making, using, offering to sell and selling their Mojave Magic Total Endurance Lip Color Duo products and the Product Item Number L/L-0070 constitute a willful infringement under 35 U.S.C. § 271 and §§ 281-285 of the [Container Patent]." This is sufficient to satisfy the fourth prong. Indeed, Plaintiff's allegations are quite similar to those in Home & Nature, Inc., in which the court found this element satisfied

> because the plaintiff states that the defendant has . . . infringed and continues to infringe one or more of its copyrights by 'importing, causing to be manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items.' This statement adequately puts the defendant on notice as to which acts form the basis of the plaintiff's claim . . . .

3

<u>Home & Nature, Inc.</u>, 322 F. Supp. 2d at 266-67. Finally, Plaintiff has identified the specific sections of the patent law invoked. (Cmplt. ¶26).

IV. Conclusion

For the reasons described above, Defendants' motion for a more definite statement is DENIED.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: May 5, 2005
Central Islip, New York